The People of the State of Illinois, Plaintiff-Appellee, v. Nickey Chevrolet Sales, Inc., Defendant-Appellant.

Gen. No. 48,775.

First District, Second Division.

April 11, 1963.

Ray E. Poplett and Henry T. Synek, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Rudolph L. Janega and M. Robert Ostrow, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE BURKE delivered the opinion of the court:

An information charged that Nickey Chevrolet Sales, Inc., on June 29, 1961, at Chicago, did willfully, unlawfully, fraudulently and falsely obtain the signature of Mildred toe Laer to a sales installment contract and a bill of sale to a 1961 Chevrolet station wagon valued at $3,105.10 as a new automobile, whereas it

was a secondhand automobile, and sold and delivered the automobile to her as a new automobile and secured her signature to a bank check for $207, all done with the intent to cheat and defraud her. The defendant pleaded not guilty. A trial without a jury resulted in a finding of guilty and a fine of $1,000. From the judgment entered on the finding the defendant appeals.

On June 29, 1961 defendant sold the 1961 station wagon to Mrs. toe Laer as a new automobile and it was delivered to her the next day. She paid for it by a check for $207, a deposit of $10 in cash, a used car allowance of $293.91 and financing of $2,594.19. About a week after delivery the purchaser found an insurance binder naming a church as the insured and the car as the subject of the insurance. She did not discuss the binder with the defendant, but went on her vacation. After she returned, in the early part of August 1961, she discussed the matter with the State's Attorney's Office.

The evidence shows that the automobile was displayed by the church in connection with a raffle for two months prior to June 2, 1961, that on June 2, 1961, Ralph Black won the raffle at a country club four miles from his home, that he drove the automobile from the club, gave his wife and children a ride in it and after one week defendant, at Black's request, picked it up. The automobile was in the same condition when Black turned it over to defendant as when he picked it up at the country club except that he had it washed and cleaned. Mrs. toe Laer was satisfied with the automobile. At no time did she complain about its condition. The automobile was never titled to anyone other than the defendant. The church paid $2,100 for the automobile (the cost price), which amount was turned over by defendant to Black in lieu of the automobile. Another new automobile was offered to Mrs. toe Laer but was refused by her. There

51

was testimony that according to the custom and practice in retail sales, a secondhand car is one which has been owned and titled by someone other than the dealer.

During the trial the court stated that the car delivered to Mrs. toe Laer was not a secondhand car. The charge in the information and the position of the People during the trial was that the vehicle was a secondhand station wagon. The defendant adopted a reasonable attitude toward Mrs. toe Laer. Another new automobile was offered to her. Apparently she was satisfied with the car that had been delivered to her. The evidence does not show any intent to cheat or defraud Mrs. toe Laer and fails to support the charges of the information. Therefore the judgment is reversed.

Judgment reversed.

BRYANT, P. J. and FRIEND, J., concur.